14-3603-cv
*B.C., et al. v. Mount Vernon School District, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of September, two thousand sixteen.

Present:
> JOHN M. WALKER, JR.,
> DENNIS JACOBS,
> DEBRA ANN LIVINGSTON ,
> *Circuit Judges*.

---

B.C., INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD J.C.;
T.H., INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD T.H.

*Plaintiffs-Appellants*,

v.                                   14-3603-cv

MOUNT VERNON SCHOOL DISTRICT, ET AL.,
                *Defendant-Appellee*.

---

| | |
|---|---|
| For Plaintiffs-Appellants: | Michael H. Sussman, Sussman & Watkins, Goshen, N.Y. |
| For Defendants-Appellees Vernon City School District, Mount Vernon City School District Board of Trustees, Dr. Welton Sawyer, and Shelly Jallow. | Lewis R. Silverman, Rutherford & Christie, LLP; New York, N.Y. |
| For Defendants-Appellees New York State Education Department and Roberto Reyes. | Barbara D. Underwood, Solicitor General, Steven C. Wu, Deputy Solicitor General, Philip V. Tisne, Assistant Solicitor General, |

1

*for* Eric T. Schneiderman, Attorney General of the State of New York; New York, N.Y.

**UPON DUE CONSIDERATION WHEREOF it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs B.C., individually and on behalf of her daughter J.C., and T.H., individually and on behalf of her daughter T.H., (collectively, "Plaintiffs") appeal from the September 2, 2014 judgment and the April 18, 2012 and August 28, 2014 memorandum decisions of the United States District Court for the Southern District of New York (Bricetti, *J.*) in favor of Defendants Mount Vernon City School District, Mount Vernon City School District Board of Trustees, Dr. Welton Sawyer, and Shelly Jallow (collectively, "District Defendants") and the New York State Education Department ("NYSED") and Roberto Reyes (collectively, "NYSED Defendants") on Plaintiffs' claims pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794 *et seq.*; the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*; and 42 U.S.C. § 1983 ("Section 1983").

We describe the facts of this case in more detail in a concurrently published opinion. In brief, Plaintiffs' claims focus on the District's provision of academic intervention services ("AIS") to J.C. and T.H. during regular school hours. AIS courses are non-credit-bearing courses intended for students at risk of not meeting state performance standards. Plaintiffs contend that the provision of AIS courses during regular school hours — at the expense of credit-bearing courses — interfered with the ability of their children to meet the schools' credit requirements each year and violated the IDEA, ADA, and Section 504.

2

In a memorandum decision dated April 17, 2012 and docketed April 18, 2012, the district court concluded that Plaintiffs had failed to state claims under the ADA and Section 504 against the NYSED Defendants. *See* Fed. R. Civ. P. 12(b)(6). After discovery, in a memorandum decision dated August 27, 2014 and docketed August 28, 2014, the district court awarded summary judgment to the District Defendants as to the IDEA and Section 1983 claims on the ground that Plaintiffs failed to exhaust their administrative remedies.[1] *B.C. v. Mount Vernon City Sch. Dist.*, No. 11 CV 1411 VB, 2014 WL 4468082, at \*4-\*5 (S.D.N.Y. Aug. 28, 2014).

\*      \*      \*

"We review *de novo* a district court's grant or denial of summary judgment," *Mullins v. City of New York*, 653 F.3d 104, 113 (2d Cir. 2011) (internal quotation marks omitted), and apply the same standard of review to "a district court's dismissal of a complaint . . . for failure to state a claim." *Selevan v. New York Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009). We also review questions of standing *de novo*. *Fulton v. Goord*, 591 F.3d 37, 41 (2d Cir. 2009) (citing *Comer v. Cisneros*, 37 F.3d 775, 787 (2d Cir. 1994)).

Plaintiffs contend that the District Defendants violated the IDEA and Section 1983 by failing to notify Plaintiffs about their daughters' AIS instruction and by failing to implement their daughters' individualized education programs ("IEPs"), *see* 20 U.S.C. § 1414(d), so as to deprive them of a "free appropriate public education." *Id*. § 1412(a)(1)(A). Plaintiffs allege that the NYSED Defendants violated Section 504 because NYSED regulations permitted school

---

[1] The district court determined that exhaustion of Plaintiffs' ADA and Section 504 claims against the District Defendants would have been futile but, as to these claims, it granted summary judgment to the District Defendants on the merits. *See id*. at \*6-\*9. The opinion published concurrently with this summary order addresses these claims.

3

districts to schedule AIS courses during school hours and that scheduling AIS instruction in this way disparately impacted students with disabilities.

At the start, the NYSED and District Defendants question Plaintiffs' standing, attack their claims as moot, and contend that Plaintiffs failed to exhaust their administrative remedies. As an initial matter, Plaintiffs possess standing. They allege violations of "legally protected interest[s]" created by the IDEA, ADA, and Section 504, traceable to "the conduct complained of," i.e. the provision of AIS during school hours, and redressable by money damages. *See Fulton*, 591 F.3d at 41 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Plaintiffs' claims for equitable relief, however, are moot, since B.C. and T.H. graduated from the Mount Vernon City School District in 2013. We have held that students' claims for injunctive relief against a school they attended are "mooted by [their] graduation," for, after graduation, it "becomes impossible for the courts, through the exercise of their remedial powers, to do anything to redress the injury." *Fox v. Bd. of Trustees of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994). Likewise, Plaintiffs have conceded that their ADA claim for money damages against NYSED is moot. Because Plaintiffs state viable claims for money damages pursuant to the ADA, Section 504, and, for the alleged IDEA violations, Section 1983, these claims survive the mootness inquiry.

We conclude, however, that as to the District Defendants, the IDEA claims for money damages were properly dismissed for failure to exhaust.[2] Before bringing a civil action in federal or state court based on an alleged violation of the IDEA, "an aggrieved party [must] . . . exhaust all administrative remedies." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 112 (2d Cir. 2004). Exhaustion of administrative remedies is excused, however, where "(1) it would

_____

[2] As already noted, the ADA and Section 504 claims against the District Defendants are addressed in the opinion published concurrently with this summary order.

4

be futile to resort to the IDEA's due process procedures; (2) an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law; or (3) it is improbable that adequate relief can be obtained by pursuing administrative remedies." *Murphy v. Arlington Cent. Sch. Dist.*, 297 F.3d 195, 199 (2d Cir. 2002) (citations omitted). Plaintiffs bear the burden of proving that an exception to the exhaustion requirement applies. *See id.*

It is undisputed that Plaintiffs failed to exhaust their administrative remedies. Plaintiffs assert that exhaustion would have been futile, so as to excuse them from this requirement, because the District Defendants failed to implement the services specified in the IEP. We have stated, however, that the mere fact that a "school has failed to implement services that were specified or otherwise clearly stated in an IEP" does *not* suffice to excuse a plaintiff from the exhaustion requirement. *Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478, 489 (2d Cir. 2002). Because Plaintiffs' claim does not "unavoidably encompass[] both a failure to provide services and a significant underlying failure to specify what services were to be provided," exhaustion was not futile. *Id.* Accordingly, the district court properly entered summary judgment in favor of the District Defendants on the IDEA claim and the Section 1983 claim, to the extent the latter relied on the alleged IDEA violation.

We turn next to the ADA and Section 504 claims against the NYSED. Mindful that NYSED regulations do not actually mandate — but instead merely permit — that AIS take place during regular school hours, Plaintiffs rely on a theory of "deliberate indifference" on the part of the NYSED "to the strong likelihood" of ADA and Section 504 violations resulting from the regulations. *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 275 (2d Cir. 2009). The district court properly concluded that Plaintiffs failed to allege deliberate indifference. As the district court noted, "the [NYSED] regulations do not mandate that students who receive AIS be

5

removed from credit bearing courses and placed in non-credit bearing courses during the regular school day." J.A. 88. Instead, the regulations "provide[] only that when school districts develop a description of AIS, they are to provide that description whether these services will be offered during the regular school day or during an extended school day or year." *Id*. Indeed, allowing AIS to take place during regular school hours would not necessarily entail the supplanting of credit-bearing courses, as not all courses scheduled during school hours are credit-bearing courses. Some, such as study hall or activity periods, are non-credit-bearing courses. Moreover, given the distinction between the IDEA and ADA and Section 504 definitions of "disability," discussed at length in the opinion issued concurrently with this summary order, Plaintiffs' complaint does not adequately allege that NYSED Defendants were "deliberate[ly] indifferen[t] to the strong likelihood that a violation of federally protected rights [under the ADA and Section 504 would] result from the implementation of [the regulations governing AIS]." *Loeffler*, 582 F.3d at 275 (quotations omitted).

We have considered Plaintiffs remaining arguments and find them to be without merit. Accordingly, for the reasons stated herein and in the accompanying opinion, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6